case number 19-4224 Alton Shuti v. William Barr oral argument is not to exceed 15 minutes per side Mr. Abertin for the petitioner please good afternoon and may it please the court Russell Abertin on behalf of the petitioner Alton Shuti the two primary issues before the court today one being whether the board of immigration appeals erred in sustaining the removal charge against Mr. Shuti and the second issue is whether the BIA erred in denying his motion to remand to update the stale record on his applications for withholding of removal under the statute and protection under the convention against torture the BIA erred in sustaining the removal charge for three reasons first the charge itself that Mr. Shuti's conviction as a crime of violence under the elements clause of 18 U.S.C. 16a is barred by both waiver and res judicata and third that on the merits the Michigan statute is not a categorical match to the to the crime of violence definition in 16a when this matter was last before the court the court determined that the that the residual clause of 18 U.S.C. 16 section b is unconstitutionally void for vagueness the court then vacated the removal order and returned the matter to the BIA presumably so the BIA could could formally terminate the removal proceedings the reason for that was that was the only removal charge and that was the only theory of removal that had been advanced by the department of homeland security and that had been considered by the BIA even though both 16a and 16b were raised by Mr. Shuti when Mr. Shuti appealed the immigration judge's original decision ordering him removed he argued that his unarmed robbery conviction is neither an aggravated felony under 16a nor was it an aggravated felony under 16b the DHS the department of homeland security never responded to that argument at all and never argued in support of either theory even though Mr. Shuti submitted two supplemental briefs to the BIA one relying on the Supreme Court's decision in Johnson which cast significant doubt on whether 16b the residual clause there was also unconstitutional and when the BIA ruled on his on his arguments the BIA focused solely on 16b and and did not address 16a even though it had an opportunity to do so. Were the proceedings still open at that time? My memory and I may be incorrect was that the charge itself was just section 16 is that right and then the response of course you raised wisely the the claim as to be but did that foreclose the government from being able to to proceed on a if section 16 was their original charge? The matter was was still open when Mr. Shuti was represented by a previous counsel before the immigration judge he conceded removability so so the specific legal theory and support of that charge was not was not at that was not being contested but on direct appeal that issue was and Mr. Shuti raised both 16a and 16b and argued why neither applied to his conviction. The DHS at that point was on notice that their theory of removability was at issue and could have argued in support of one or the other or both of those theories but it chose not to even after the Supreme Court decided the the Johnson case and the BIA then also had an opportunity to sustain the removal charge under both theories it chose instead to just sustain the removal charge under a single theory even though Mr. Shuti raised both in fact during the prior petition for review Mr. Shuti again raised the the 16a issue but even during those proceedings the government did not ask for a remand to consider the viability of a 16a removability theory and that that waiver or that failure to raise or pursue those arguments significantly prejudiced Mr. Shuti. He was paroled from state custody in January of 2017 yet he remained in DHS custody for more than three years until about May of this year while the DHS raised one theory after another on remand until they found one that that the immigration judge and the BIA were willing to sustain so that was significantly prejudicial to him. Furthermore on the merits of Michigan's armed robbery statute is overbroad when compared to 18 U.S.C. 16a. 16a requires the use or attempted use or threatened use of physical force against the person or property of another and that means physical force that's violent force which is force capable of causing physical pain or injury to another person and requires a substantial degree of force. The agency as well has deemed it to require violent active force capable of causing pain or injury to another person. In the robbery context the Supreme Court in Stokely found that the level of force is something that require that that is sufficient to overcome a victim's resistance. Stokely dealt with Florida robbery statute where that was a specific element that needed to be found namely that the jury or the judge would have to find that the offender used force that was sufficient to overcome the victim's resistance. The Michigan statute has no such requirement. The Michigan statute can be violated through simply through force not violence through force that's intended to embarrass not not to make contact with. Counsel how do you deal with Fuller Ragland? Fuller Ragland although that decision found that this statute was a crime of violence under a very similar provision it only looked at one part of the unarmed robbery statute it looked at whether the putting in fear means of violating that statute meets the the elements clause of violence of crime of violence or violent felony. It did not look at at whether the force prong the force provision. Well we in that case a very thoughtful judge held that putting in fear is the least culpable conduct. Judge Boggs didn't laugh so I guess you might disagree but go ahead. Flattery will get flattery will get you everywhere keep talking. And there I believe Fuller Ragland is inconsistent with Cheney which was decided shortly before Fuller Ragland and dealt with an an older version a prior version of 750.530. Cheney made made significant weight or gave significant weight to the fact that the prior version required force and violence but noted that Michigan subsequently amended the statute to require either force or violence to to encompass a broader range of contact of conduct. The Fuller Ragland decision did not address that part and I believe if it had it would have concluded based on Michigan law Michigan law interpreting and applying 750.530 that that mere force does not meet the crime of violence definition even even in the robbery context. A force intended to embarrass does not require any touching any contact any overcoming the resistance of a victim any pain or any physical injury to the victim. Looking at Stokeling Stokeling drew a distinction between a defendant and offender who lifts up a victim's fingers to take a wallet out of their hand finding that that would satisfy the crime of taking a necklace from a victim's open hand meaning there's no movement there's no overcoming the resistance and the latter would not have been a crime of violence or taking a necklace from a victim's neck where there's contact but there's no no force there's no overcoming of a resistance of the victim just the unlatching of the necklace and and violating the Michigan statute through force intending to embarrass is similar to that it can be violated for example by removing a cell phone from a victim's back pocket and then threatening to send the forward embarrassing pictures that the victim has on that phone if the victim tried to get the phone back and that would be force intending to to embarrass the victim. More violent more dangerous more serious conduct is punished in Michigan under a different statute the armed robbery statute which requires dangerous weapons and includes enhancements or mandatory minimums involving aggravated assault and serious injury less serious conduct is punished under the unarmed robbery statute and and moreover there's there's a realistic probability that the Michigan statute will reach conduct that is outside the the definition of crime of violence this is shown in in two different ways one is the express language of Michigan law indicates that both the criminal jury instructions which explicitly allow a jury to to assist to enter a conviction based on force intending to embarrass and then as well as case law where Michigan courts have determined in similar contexts applying a similar language force or violence or assault that that can be violated through just offensive touching it didn't cause pain or injury through no touching at all or through something as as as de minimis as spitting and because the unarmed robbery statute rests on the same language those cases are are relevant to to this determination and I see that my time is up we're almost up and I'll reserve the remaining time for rebuttal. Thank you Mr. Tucker. Thank you I may please report Colin Tucker for the Attorney General. There's a lot potentially on the table for discussion and a fairly limited amount of time the court has a specific issue we'd like to address first aggravated felony versus I'm prepared to go either way. You might want to you might want to begin with the waiver and where in race judicata argument regarding which section was charged and whether an additional charge under A could be brought if if B because B was found unconstitutional. Sure you're right the charge in the initial notice to appear the only notice to appear in this case was primal violence as defined under section 16. There was no delineation between 16a or 16b in the initial proceedings before the immigration judge the petitioner conceded removability outright so there was no need to develop a theory of either A or B on appeal to board the DHS argued merely that the board should assert A or B the board in its initial decision relied on B presumably it saw B as the clear of two and it decided to go in that direction this court in overturning the board's initial decision remanded for proceedings consistent with its decision its decision addressed only B therefore on remand ultimately the immigration judge DHS was free to assert a new theory of removability under 16a and the agency did not err by considering that theory your your opposing counsel argues that in fact it was presented at least twice and ignored doesn't that make a difference in whether you can come back and charge as a if if you have refused to defend as to a in the past it's not your honor again i think this is a fairly peculiar case and what distinguishes distinguishes it is the fact that you had the initial concession of removability so at that point there was really no need for DHS to argue A or B and now concessions of removability are generally overturned only under extraordinary circumstances which explains why DHS did not argue A or B on the initial appeal and again from there we have only a circuit court decision that addressed B and remanded for additional proceedings consistent with that decision the board's decision to further remand and therefore allow DHS to address 16a was not inconsistent with the court's decision now from a more formalistic res judicata standpoint res judicata has four requirements the first of which is that a prior proceeding had been litigated to a final judgment there was no final judgment in the petitioner's removal proceeding in this case the board's first decision was not a final judgment because additional litigation ensued if it had been a final judgment the petitioner would likely have been removed by now because the board's first decision found the petitioner removal this court's first decision was not a final judgment because again it remanded to the agency for additional proceedings when there was four years delay or four years time period why wasn't it appropriate to um to open back up the record and let it be updated the board addressed that in its second decision your honor and what it said is petitioner didn't identify any new facts or evidence that actually might change the outcome there's nothing in the records that suggests that's an erroneous decision the petitioner itself filed a formal remand motion attaching new evidence that chain might change the outcome here with respect to cap protection or withholding of removal he could argue abuse of discretion on that ground but he did not submit any new evidence and for that reason there was no abuse of discretion because it was simply a request to remand without any suggestion of alter of alteration or facts that needed to be considered that needed to go in the request there may have been a suggestion of new facts your honor but i don't believe there was any actual evidence attached in the context of that second appeal support okay moving on to the aggravated felony question uh the court is effectively bound by fuller ragland i think judge ever uh may have may have noted uh the sentencing guideline at fuller ragland addressed is essentially identical to the 16a criminal violence definition uh it's impossible to reconcile a decision that michigan unarmed robbery isn't covered by 16a with fuller ragland uh obviously there are a number of theories that the petitioner has advanced for why it might not be but the court can't depart from can't accept any of those theories without effectively finding fuller ragland to be wrong which at least at this point in the proceedings it's not in position to um that being said petitioners identified a number of hypothetical scenarios that he suggests could result in an armed robbery conviction for example the removal of a necklace from someone's neck without them resisting but the fact remains that there he hasn't identified any cases in which such conduct has been prosecuted as an armed robbery so could you could you address just so i i've got the the theory right the the argument about whether the crime is particularly serious that is am i right that the argument is that uh even if it's a crime of violence it has to be particularly serious in order to foreclose um a remand for withhold for consideration of withholding and cat protection do i have the do i have the framework right that's correct your honor uh the offense here was not a per se particularly serious crime so it depended on a look at the individual circumstances but but for that so i'm also correct that the particularly serious determination can be fact related as opposed to the crime of violence which is supposed to be categorical i think that in this context your honor where it's not a per se particularly serious crime yes there's certainly consideration of facts that that goes into it and so then in this case we can in fact look at what happened to uh to the with the uh with the marijuana growing operation and how she was beaten and so forth well i think that the court's precedent your honor is that it will only look so far as to make sure that the correct um standard was applied in the context of a particularly serious crime okay thank you if uh there are no additional questions no we we thank you for your argument you may have your honors i'd like to briefly address the issue of waiver mr shootie submitted three briefs to the bia uh on direct appeal two supplemental briefs and a brief in chief each contesting the aggravated felony determination and the dhs did not respond to any of them they did not offer any theory in support of their position that mr shootie was removable for an aggravated felony the attorney general has held that there's a single aggravated felony removal ground that has multiple ways of being triggered and all of those ways are are defined in eight usc 1101 and that the dhs can offer one or multiple theories in support of its removal charge which has it has the burden of of establishing in this case the dhs did not offer any theories or any arguments until after this court's grant of mr shootie's original petition for review resulting in an extended detention an unnecessary detention of more than three years following his release from state custody the dhs unlike respondents are always represented by premier attorneys who have access to significant resources and if they can raise theories at any stage in the matter after never raising them previously despite being on notice of the need to do that then that creates a significant asymmetry between respondents many of whom are that a statute reaches non-removal conduct one of the ways of meeting that requirement is to rely on the express language of the statute and not pointing to any actual examples now for example in us versus camp this court relied on a previous unpublished decision by the court in us versus laura where as long as the statute or the state law is clear and plain as to the reach of the of the criminal statute and what it encompasses then there's no need to hunt for actual examples because it's already plain language and then finally on the particular serious crime issue the although the agency looked at part of that as to whether he committed a serious crime it didn't look at the other part of the definition of the particularly serious crime bar which is whether mr shootie would have constituted a danger to the community it presumed that he did based on on the facts that it found relating to the offense but it didn't actually look at whether at the moment it was making that determination he constituted a danger to the community and seeing that my time is up we'll ask that the court uh grant the petition for review and vacate the bia's decision we thank you both for your arguments and your briefs and the case will be submitted i think that is the last argument case that's on our docket the remainder are on briefcases so you could close out this and dismiss court please dishonorable court is now adjourned